UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  2:19-CV-14004-ROSENBERG/MAYNARD

SOUTHERN-OWNERS
INSURANCE CO.,

    Plaintiff,

v.

CHRISTOPHER GRAINGER,
et al.,

    Defendants.

_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR FINAL SUMMARY JUDGMENT**

This matter is before the Court on Defendant Bell's Motion for Summary Judgment [DE 50] and Plaintiff's Motion for Final Summary Judgment [DE 48].  Both motions have been fully briefed.  For the reasons set forth below, Defendant's Motion is granted and Plaintiff's Motion is denied.

The background facts in this case (although not material) are in dispute.  *See* DE 51 at 1.  As a result, this Court sets forth only a very brief rendition of the facts.  The Defendants were all involved in an automobile crash which involved four different vehicles.  One of the vehicles was driven by Defendant Christopher Grainger.  An alleged victim in the accident was Defendant Derek Bell, who filed a suit for negligence in state court against Mr. Grainger.  Plaintiff is an insurer with an insurance policy agreement with Mr. Christopher Grainger.  Plaintiff filed this suit to establish that it owes no coverage to Mr. Grainger.  All of the Defendants (including Mr. Grainger) have defaulted except for Defendant Bell.  Defendant Bell argues that Plaintiff owes coverage to Mr. Grainger and Plaintiff argues that it does not.  Plaintiff and Mr. Bell have filed the

cross motions for summary judgment pending before this Court to determine this insurance policy coverage question. Plaintiff's Complaint contains three separate counts on three distinct coverage issues. Each count is addressed in turn.

Count I contends that Plaintiff owes no insurance coverage to Mr. Grainger because Mr. Grainger had insurance coverage from other insurers and, pursuant to the Plaintiff's insurance policy, that means Plaintiff owes no coverage to Mr. Grainger. Mr. Bell has moved for summary judgment on this count, however, by citing to evidence that Plaintiff is wrong—Mr. Grainger had no other insurance coverage.[1] Plaintiff concedes this is true and no longer contests this issue. DE 53 at 2. As a result, the Court grants Mr. Bell's Motion as to Count I.

Count II contends that Plaintiff owes no insurance coverage to Mr. Grainger because Mr. Grainger was not using the vehicle in question as part of his business and, pursuant to the insurance policy, that means Plaintiff owes no coverage to Mr. Grainger. Mr. Bell moved for summary judgment on this count, however, by citing to deposition testimony that Mr. Grainger *was* using the automobile for his business at the time of the accident. Plaintiff concedes this is true[2] and no longer contests this issue. *Id.* As a result, the Court grants Mr. Bell's Motion as to Count II.

Count III contends that Plaintiff owes no insurance coverage to Mr. Grainger because Mr. Grainger does not qualify as an insured under the terms of the insurance policy. This is the only issue in dispute between the parties in their cross motions for summary judgment. The policy

---

[1] Mr. Bell did not comply with the Court's instructions for citations to record evidence (DE 11) and the Court is unable to locate Mr. Bell's cited evidence on this point ("Exhibit 2") in the court file, however, Plaintiff does not dispute Mr. Bell's assertion on this point and, as a result, the Court grants Mr. Bell's Motion as to Count I for the reasons set forth above.

[2] As with the Court's discussion in footnote 1, the Court is unable to locate Mr. Bell's evidence on this point, however, Plaintiff does not dispute this point and, as a result, the Court grants Mr. Bell's Motion as to Count II for the reasons set forth above.

defines an insured as "You." DE 1-2 at 19.[3] The "You" is "Christopher Grainger d/b/a Beachside Pressure Cleaning." DE 1-2 at 8. Thus, as a threshold matter, there are two possibilities. The first is that the policy was issued to an individual—Mr. Grainger—and the second is that the policy was issued to a sole proprietorship,[4] as exemplified by the "doing business as." In either circumstance, Mr. Grainger is the insured. A "sole proprietorship and its owner are essentially one and the same." *E.g, U.S. v. Jewelry*, No. 14-CR-60094, 2015 WL 150841, at *6 (S.D. Fla. Jan. 13, 2015). In a sole proprietorship, the individual and the business "are but a single legal entity." *E.g, Lowery v. Hoffman*, 188 F.R.D. 651, 653-54 (M.D. Ala. 1999). Plaintiff has provided no authority contrary to these well known, well established principles. Therefore, the Court finds, as a threshold matter, that the policy unambiguously defined the insured as Mr. Grainger. In the alternative, even if there is some measure of ambiguity by the policy's use of the phrase "doing business as," Florida law requires that ambiguity be construed against the insurer and in favor of coverage. *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008). Thus, if there is any ambiguity, Mr. Grainger is still an insured under the policy.

Plaintiff's opposition is that the Court should consider Beachside Pressure Cleaning to be a partnership. Plaintiff cites to record evidence for the proposition that Plaintiff and his brother (Defendant Keith Grainger) operated Beachside Pressure Cleaning as a partnership; each of them shared various duties and each of them were listed on the official Florida registration of the fictitious name. The problem, however, is that the insurance policy was not issued to a partnership. The insurance policy was not issued to Mr. Grainger's brother, nor was the policy

---

3 The insurance policy defines an insured differently if the insured is a partnership, limited liability corporation, or a corporation, however, for the reasons set forth in this Order, none of those definitions apply in this case.
4 It is undisputed that Beachside Pressure Cleaning was, at the relevant time, a registered Florida fictitious name. DE 49-2.

3

issued to a registered Florida partnership. The policy was not even issued to Beachside Pressure Cleaning and, as set forth above, any ambiguities in an insurance policy contract must be construed in favor of coverage. *Id.* An insurance provision is ambiguous when it is subject to more than one reasonable interpretation, *Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co.*, 913 So. 2d 528, 537 (Fla. 2005), and it is certainly a reasonable interpretation that the policy was issued to Mr. Grainger as an individual or as a sole proprietor. For these reasons, the Court rejects Plaintiff's contention that the policy could unambiguously and reasonably be construed as having issued to a partnership.[5] The Court grants Mr. Bell's Motion as to Count III.

For all of the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendant Bell's Motion for Summary Judgment [DE 50] is **GRANTED** and Plaintiff's cross Motion for Final Summary Judgment [DE 48] is **DENIED** for the same reasons that Mr. Bell's Motion is granted. Because all of the other Defendants in this case have defaulted, the Clerk of the Court shall mark this case as **CLOSED**. The parties shall file a joint notice with the Court within three business days of the date of rendition of this Order informing the Court of whatever issues remain for the Court to decide, including whether any adjudication is necessary as to the defaulted parties. If there are no further issues for the Court to decide, the parties shall include proposed final judgements with their notice.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 26th day of November, 2019.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

---

5 In the alternative, the Court adopts and incorporates Mr. Bell's legal argument that Plaintiff's interpretation of the insurance policy makes no sense. This argument is contained on pages three through five of Mr. Bell's Response to Plaintiff's Motion for Summary Judgment and pages three through seven of Mr. Bell's Motion for Summary Judgment.